**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STEPHEN C. WASHINGTON**

|  |  |
|---|---|
|  | **2:05-cv-160** |
|  | **2:97-cr-0099(4)** |
| **v.** | **JUDGE GRAHAM** |
|  | **MAGISTRATE JUDGE KING** |

**UNITED STATES OF AMERICA**

## REPORT AND RECOMMENDATION

On May 15, 2006, this Court overruled petitioner's objections to the *Report and Recommendation,* Doc. No. 755, and dismissed petitioner's motion to vacate under 28 U.S.C. § 2255. *Opinion and Order*, Doc. No. 761. This Court also declined to issue a certificate of appealability, *Opinion and Order*, Doc. No. 780, as did the United States Court of Appeals for the Sixth Circuit. *See* Doc. No. 812, *Washington v. United States of America,* Case No. 07-3027 (6th Cir. October 1, 2007). On October 12, 2011, petitioner's motion to amend his motion to vacate was denied. *Opinion and Order*, Doc. No. 937. This matter is now before the Court on petitioner's March 26, 2013 *Motion to Recall Judgment Pursuant to Fed. R. Civ. P. 60(B)(6)*, Doc. No. 989 ["*Motion for Relief from Judgment*"].

In his *Motion for Relief from Judgment*, petitioner asserts that the first claim of his original motion to vacate – *i.e.,* denial of the effective assistance of counsel by failing to move for a judgment of acquittal on Count 23 -  mistakenly referred to Count 23 when it

1

should have referred to Count 27 of the *Superseding Indictment*.  The Court addressed this claim as expressly formulated by petitioner.  *See Report and Recommendation*, Doc. No. 755, pp. 11 – 13.  Because his first claim, had it been properly formulated, was never properly considered, petitioner now argues that "the judgment should be recalled and the petitioner should be allowed to litigate the issue raised . . . ."  *Motion for Relief from Judgment*, p. 5.

A true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  Where "[a] Rule 60(b) motion . . . attempts 'to add a new ground for relief '[it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532). A Rule 60(b) motion that attacks the resolution of a former claim on the merits will also be considered a § 2255 petition. *Id.* at 1023. A successive petition to vacate that is simply labeled a Rule 60(b) motion must be transferred to the Court of Appeals. 28 U.S.C. § 2244(h); 28 U.S.C. § 1631; *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

The *Motion for Relief from Judgment* seeks to assert a claim not previously raised in petitioner's motion to vacate.  Therefore, the current motion is effectively a successive petition under § 2255 regardless of the label given the motion by petitioner.  This Court lacks authority to consider petitioner's motion absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** that the *Motion for Relief from Judgment* be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a

2

successive motion to vacate under 28 U.S.C. § 2255.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

March 28, 2013